UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES RICHARD HUFFMAN IV                                                        Plaintiff

v.                                                                Civil Action No. 3:21-cv-P217-RGJ

KATHERINE WILLIAMS, *et al.*                                                    Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Richard Huffman IV filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex (LLCC). He sues Katherine Williams, a nurse at the Roederer Correctional Complex; Jessica Fortwengler, a doctor at LLCC; Sasha Grey, Courtney Forgy, and Shane Johnston, nurses at LLCC[1]; William Betz, a radiologist at Trident Care; and LLCC Warden Scott Jordan. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that he was involved in an altercation with another inmate on May 25, 2020. He reports that the other inmate "struck [him] in the back of his head knocking him face first into daybed locked #one." He continues, "As the locker was made of hard metal, Plaintiff was rendered unconscious. Hayes then proceeded to mount Plaintiff and strike him repeatedly in the face." Plaintiff details in the complaint his attempts to obtain medical treatment from the medical-

---

[1] Plaintiff states in the body of his complaint that Defendants Williams, Fortwengler, Grey, Forgy, and Johnston are employees of "Wellpath Correct Care Solutions," which the Court construes to be WellPath, LLC.

provider Defendants for his injuries, including an x-ray after which he was told on June 4, 2020, by Defendant Williams that he did not have any fractures in his face, even though he states that he could feel "bones moving around" in his face.  He states that on July 10, 2020, he underwent a CT scan of his face outside the prison.  The report from the scan found "[]multiple left-sided facial bone fractures, and noted []an inferiorly displaced left orbital floor fracture is demonstrated with a fracture displaced by approxiamately 2.6cm.[]"  Plaintiff states that on September 18, 2020, he saw a group of surgeons outside the prison who informed him that there were "limited option available for treatment due to the extreme delay in his arrival at the hospital."  He further states the following:

> They also informed him that the bones in his face had set incorrectly and in order to set then into their proper positions the team would have to rebreak the bones with a huge risk of causing even further damage than the initial trauma along with unavoidably restarting the healing process and its pains over again.  As such, the surgeons did not favor this option as much as they favored the option of inserting a plastic fitting to hopefully lift his left eye up, over and out to its proper position for both corrective and aesthetic purposes.  Plaintiff still suffers double vision due to this injury and suffers sever pain and emharrassments from having to constantly close one eye to see.  He still has pain in the muscle that controls this region and cannot feel the lower half of his eye socket, cheek, nostril, and his upper teeth on his left side due to the bones putting pressure on the nerves there.  At times, Plaintiff has to manipulate his eye into a better position to see.  As such, he suffers many permanent damages due to the deliberate indifferences at the hands of all the parties involved.

With regard to Defendant Jordan, Plaintiff alleges that he "acted with deliberate indifference and disregard for his safety by the placement of daybed lockers in the day rooms of [LLCC] which violated Federal guidelines."  Plaintiff states, "Had these lockers not been placed so, he claims his injuries would not have been as severe as they were when his face struck one of these lockers and he could have been afforded less pain and suffering and have far fewer long term injuries, disfigurements, and future pains."

Plaintiff alleges violation of his rights under the Eighth and Fourteenth Amendments. As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "ensur[ing] corrective surgery."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3

## III.  ANALYSIS

### *A.  Medical-provider Defendants*

Plaintiff alleges violation of the Eighth and Fourteenth Amendments.  Because Plaintiff is a convicted inmate, the Fourteenth Amendment does not apply to his claims.  Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions.  *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment.  The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.").  Therefore, Plaintiff's claims under the Fourteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs to proceed against Defendants Williams, Fortwengler, Grey, Forgy, Johnston, and Betz in their individual and official capacities.  In doing so, the Court passes no judgment on their merit or ultimate outcome.

### *B.  Defendant Jordan*

Plaintiff's only allegation against Defendant Jordan, the LLCC Warden, is that he showed deliberate indifference to Plaintiff's safety "by the placement of daybed lockers in the day rooms of Luther Luckett Correctional Complex which violated Federal guidelines."  He maintains that the presence of the metal lockers caused his injuries to be more severe.

In order for a prisoner to state an Eighth Amendment claim for deliberate indifference to his safety, he must satisfy both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).  The objective component requires

Plaintiff to allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). For the subjective component, Plaintiff must also allege that a prison official "acted with 'deliberate indifference' to inmate health or safety," *id.* (quoting *Farmer*, 511 U.S. at 834), meaning that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 766-67 (quoting *Farmer*, 511 U.S. at 837). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of [tort] claims; thus, a plaintiff alleging deliberate indifference must show more than negligence . . . ." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Even if Plaintiff could establish the objective component, which is uncertain, Plaintiff has not alleged that Defendant Jordan knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff gives no indication that Defendant Jordan had any knowledge that the metal lockers posed a risk to safety, such as past injuries occurring because of the lockers. Moreover, the violation of federal guidelines does not give rise to a constitutional claim. *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (holding that violation of prison regulation not sufficient to state a constitutional violation); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509, at *3 (6th Cir. Apr. 21, 1995) (holding that failure to follow a prison policy directive does not rise to the level of a constitutional violation because a policy directive does not create a protectable liberty interest). Plaintiff's allegations against Defendant Jordan show no more than negligence on his part, which is not sufficient to state an Eighth Amendment

claim. Therefore, Plaintiff's claims against Defendant Jordan in his individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims under the Fourteenth Amendment and claims against Defendant Jordan are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed** to terminate Defendant Jordan as a Defendant in the docket sheet as no claims remain against him.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: August 16, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
A961.010