UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:21-CV-00217-JHM

JAMES RICHARD HUFFMAN IV     PLAINTIFF

v.

KATHERINE WILLIAMS, *et al.*     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff James Richard Huffman IV filed this action pursuant to 42 U.S.C. § 1983. [DN 1]. At the Court's direction, Plaintiff filed a superseding amended complaint. [DN 100]. This matter is now before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Dawn Patterson in her individual and official capacities. [DN 125]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex ("LLCC"). On April 5, 2021[1], he filed a 42 U.S.C. § 1983 civil-rights action [DN 1] asserting Eighth Amendment claims for deliberate indifferent to his serious medical needs. Plaintiff states that he was involved in an altercation with another inmate at LLCC on May 25, 2020. Plaintiff details in the complaint his attempts to obtain medical treatment from various defendants for his injuries. He reports that he was finally seen by surgeons on September 18, 2020, who "informed him of the limited options available for treatment due to the extreme delay in his arrival at the hospital."

---

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence. *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

On July 13, 2023[2], Plaintiff filed a superseding amended complaint [DN 100] pursuant to 42 U.S.C. § 1983 naming for the first time Defendant Dawn Patterson, Regional Manager at Wellpath, the contracted medical provider for LLCC. Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed to proceed Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs against Defendant Patterson in her individual and official capacities. [DN 112]. Defendant Patterson now moves to dismiss the claims against her as time-barred. [DN 125].

## II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

---

[2] This is the date that Plaintiff represents that he delivered the superseding amended complaint to the prisoner mail system for mailing. [DN 100 at 6].

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

#### A. Individual-Capacity Claims

Defendant Patterson moves to dismiss the claims against her arguing that they are barred by the statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). The statute of limitations begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 701 (6th Cir. 2022)[3] (quoting *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010)); *see also Robinson v. Butler Cnty., Ky.,* No. 21-5536, 2022 WL 19977828, at *2 (6th Cir. Dec. 16, 2022). "The Court looks to what event should have alerted the

---

[3] The Sixth Circuit in *Snyder-Hill* confirmed that the discovery rule applies to claims brought under § 1983. The Sixth Circuit also characterized as *dicta* its "speculation" in *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) that a recent United States Supreme Court case might prompt reconsideration of the discovery rule in Section 1983 cases. *Snyder-Hill*, 48 F.4th at 700; *see also McGhee-Twilley v. Corecivic of Tenn., LLC*, No. 3:23-CV-00077, 2024 WL 1313884, at *6 (M.D. Tenn. Mar. 27, 2024).

typical lay person to protect his or her rights." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (internal citations omitted)

Here, Plaintiff's claims against Defendant Patterson are untimely. Applying the discovery rule, Plaintiff specifically states that on September 20, 2020, he learned that the delay in treatment caused limited treatment options. The record further reflects that Plaintiff initiated a grievance related to his denial of medical treatment on October 1, 2020 (Grievance No. 20-959).[4] And Plaintiff initiated another grievance (Grievance No. 20-1065) on November 9, 2020, when he learned that the October grievance had been dismissed.

Assuming for purposes of this motion that Plaintiff's claim, therefore, accrued, at the latest on that date, the claim against Defendant Patterson had to be filed no later than November 9, 2021. *Randolph v. Hopkins County Jail*, No. 4:22-CV-P120-JHM, 2023 WL 213925, at *2 (W.D. Ky. Jan. 17, 2023) (citing *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) ("[P]risoner's cause of action for deliberate indifference accrued on the date that he was denied medical care, even though the full extent of his injury was not known until later.")). Plaintiff's superseding amended complaint was not filed until July 13, 2023, and is therefore untimely absent a relation back to the original complaint or equitable tolling.

### 1. Relation Back

If a motion to amend a complaint is filed after the expiration of the statute of limitations, Fed. R. Civ. P. 15(c)[5] allows an amended complaint to relate back to the original date of filing.

---

[4] Plaintiff contends that he could not file his October 1, 2020, grievance any earlier because upon his return from the surgeons he had been placed in quarantine and no grievance forms were available. [DN 137].

[5] (c) Relation Back of Amendments.
   (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
     (A) the law that provides the applicable statute of limitations allows relation back;

"The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." *Shillman v. United States*, No. 99-3215, 221 F.3d 1336, 2000 WL 923761, at *5 (6th Cir. June 29, 2000). However, relation back is only available when changing a party because there was "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); s*ee also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).

Here, Defendant Patterson is clearly a new party as of July 13, 2023. Plaintiff does not mention her in any of his attempts to amend his complaint or motion to reconsider. He first mentions Defendant Patterson in his superseding amended complaint. Plaintiff does not contend that there was some mistake regarding the identity of the Defendant Patterson. To the contrary, Plaintiff asserts that he gained knowledge of Defendant Patterson's involvement in the violation of his Eighth Amendment rights when he met her in May 2023, "at which time it was evident that Defendant Patterson was the individual in charge and ordering and controlling all actions of her subordinates." [DN 130 at 3]. The Sixth Circuit has indicated that a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule [15(c)(1)(C)(ii)]." *Moore v. Hopkins Cnty., Ky.*, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting *Moore v. Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008)). "Stated differently, relation back is permitted under current Sixth Circuit

---

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
Fed. R. Civ. P. 15.

law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired." *Moore*, 2017 WL 3097530, at *3 (quoting *Hiler v. Extendicare Health Network, Inc.*, No. 5:11-CV-192-REW, 2013 WL 756352, *3–4 (E.D. Ky. Feb. 26, 2013)); *see also Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 615–17 (6th Cir. 2014); *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434 (6th Cir. 2013); *Medley v. Shelby Cnty., Ky.*, No. 13-CV-35-GFVT, 2015 WL 2041780 (E.D. Ky. Apr. 30, 2015) (finding that the plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period); *Jadco Enterprises, Inc. v. Fannon*, No. CIV.A. 6:12-225-DCR, 2013 WL 6055170, at *5 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) (holding that a plaintiff's lack of knowledge of the identities of the jail employees is not a reason to relate back after the statute of limitations has expired).

  Here, "Rule 15(c) offers no remedy for this problem." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Consequently, the claims against Defendant Patterson set forth in the superseding amended complaint cannot relate back to the original complaint or amended complaint for purposes of applying the statute of limitations to those claims. As such, the claims against Defendant Patterson are time-barred and must be dismissed for failure to state a claim absent equitable tolling.

**2. Equitable Tolling**

Plaintiff maintains that "since he could not have been knowledgeable of her involvement until the later dates, as her name appears on none of his medical documents, 'equitable tolling' should apply." [DN 130 at 4]. "In a § 1983 case, 'just as limitations periods are taken from state law, so are the rules regarding equitable tolling.'" *Patton v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:18-CV-00346-RGJ, 2021 WL 741780, at *6 (W.D. Ky. Feb. 25, 2021) (quoting *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007)). Federal courts utilize state tolling law in § 1983 cases. *Id.* "Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations." *Patton*, 2021 WL 741780, at *6 (citations omitted).

Here, Plaintiff contends that because he did not know of Defendant Patterson's involvement in the medical decisions made by Wellpath and its employees, equitable tolling should apply. Plaintiff's argument must be rejected. Under Kentucky law, "'a person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints.'" *Id.* (quoting *Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 199 (Ky. App. 2006)); *see also DeSpain v. Louisville Metro. Gov't*, No. 3:14-CV-P602-CHB, 2021 WL 3699413, at *2–4 (W.D. Ky. Aug. 19, 2021). Furthermore, Plaintiff's December 2021 discovery requests seeking the identity of additional individuals who had control or authority over Plaintiff's medical care does not toll the statute of limitations as that request came after the statute of limitations ran on the claim. As such, the Court finds that equitable tolling does not apply in the present case.

### B.  Official-Capacity Claim

Plaintiff sued Defendant Patterson in her official capacity as well.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claim against Defendant Patterson is actually against Wellpath.  *See, e.g., Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 WL 1341694, at *5 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against an employee of Correct Care Solutions (CCS) to be against CCS itself); *Prather v. Correct Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 2903288, at *4 (W.D. Ky. May 18, 2016) (same).  Therefore, Plaintiff's official-capacity claim against Defendant Patterson will be dismissed as redundant to his continuing claims against Wellpath.

### IV.  CONCLUSION

For reasons set forth above, **IT IS ORDERED** as follows:

1. Defendant Patterson's motion to dismiss [DN 125] is **GRANTED**.

2. The Clerk of Court shall **TERMINATE** Defendant Patterson from this action as all claims have been dismissed against her.

cc:   Plaintiff, *pro se*
      Counsel of Record
4414.014

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 3, 2024