UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:21-CV-00217-JHM

JAMES RICHARD HUFFMAN IV                                          PLAINTIFF

v.

KATHERINE WILLIAMS, *et al.*                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff James Richard Huffman IV filed this action pursuant to 42 U.S.C. § 1983. [DN 1]. At the Court's direction, Plaintiff filed a superseding amended complaint. [DN 100]. This matter is now before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Cookie Crews, Scott Jordan, and Amy Robey ("State Defendants") [DN 132] and on a motion by the State Defendants to rule on their motion to dismiss [DN 176]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex ("LLCC"). On April 5, 2021[1], he filed his original complaint [DN 1] pursuant to 42 U.S.C. § 1983 against LLCC medical providers and their staff ("Medical Defendants") and LLCC Warden Scott Jordan. Plaintiff states that he was involved in an altercation with another inmate at LLCC on May 25, 2020, which caused his face to strike a daybed locker. Plaintiff details in the complaint his repeated attempts to obtain medical treatment from the Medical Defendants for his injuries. He reports that

---

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence. *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

he was finally seen by surgeons on September 18, 2020, who "informed him of the limited options available for treatment due to the extreme delay in his arrival at the hospital."

On August 16, 2021, upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs to proceed against the Medical Defendants in their individual and official capacities. [DN 13].  The Court dismissed Plaintiff's claims against Defendant Warden Jordan under the Eighth Amendment for disregard for his safety by the placement or retention of daybed lockers. [*Id.*].

On August 18, 2021[2], prior to any responsive pleading being filed, Plaintiff filed an amended complaint against all the original Defendants, including Defendant Warden Jordan, and added new Defendants, including Amy Robey and Cookie Crews. [DN 17].  In addition to his Eighth Amendment deliberate-indifference-to-medical-needs claims against the Medical Defendants, Plaintiff alleged that Defendant Warden Jordan had a duty to protect Plaintiff, and that the installation of the daybeds and daybed lockers on which Plaintiff hit his face violated such duties in violation of the Eighth Amendment.  [DN 17 at 4, 18].  Plaintiff also generally alleged that the State Defendants owed a duty of care to Plaintiff and neglected it. [*Id.* at 17].  Specifically, Plaintiff claimed that the State Defendants denied Plaintiff's grievances and acquiesced to the LLCC grievance coordinator's conduct in an effort "to not only deny him medical treatment but also to stop Plaintiff from exhausting his administrative remedies" in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  [*Id.* at 17, 22].  The amended

---

[2] Plaintiff signed the amended complaint on August 18, 2021.

complaint also alleged that these State Defendants, along with other jail staff at LLCC, issued disciplinary actions and reports against Plaintiff to prevent him from grieving issues related to his medical care. [*Id.* at 24]. Plaintiff sought injunctive relief against the State Defendants for timely transport to medical facilities and for corrective surgery of his face. [*Id.*]. The Court did not perform an initial review of Plaintiff's amended complaint under § 1915A.

Approximately a month after Plaintiff filed the amended complaint, the original Medical Defendants filed a motion to dismiss the original complaint. [DN 23]. Defendants did not address the amended complaint. The Court ruled on the motion to dismiss the original complaint [DN 82] despite the fact that an amended complaint had been filed. Furthermore, on November 8, 2021, Plaintiff attempted to amend his complaint a second time in a response clarifying his claims against two of the Medical Defendants and Wellpath. [DN 34]. Consequently, upon a motion to reconsider filed by Plaintiff [DN 88], the Court determined that the only way to remedy the error was to grant Plaintiff's request to file a superseding amended complaint upon which the Court would perform a new § 1915A review. [DN 98].

On July 13, 2023[3], Plaintiff filed the superseding amended complaint [DN 100] pursuant to 42 U.S.C. § 1983 against Katherine Williams, a nurse at LLCC during the time period in question; Jessica Fortwengler, a doctor at LLCC; Sasha Grey, Courtney Forgy, and Shane Johnston, nurses at LLCC; William Betz, a radiologist at Trident Care; Sarita Schoenbachler, Health Services Administrator at LLCC; Dawn Patterson, Regional Manager at Wellpath; and the

---

[3] This is the date that Plaintiff represents he delivered the superseding amended complaint to the prisoner mail system for mailing. [DN 100 at 6].

State Defendants—former LLCC Warden Scott Jordan; current LLCC Warden Amy Robey; and Cookie Crews, Commissioner of Kentucky Department of Corrections ("KDOC").

In the superseding amended complaint, Plaintiff once again states that he was involved in an altercation with another inmate on May 25, 2020. He reports that during the fight, he was "struck down and fell face first into daybed locker A." [DN 100-15 at 6]. Plaintiff alleges that the daybeds are hard, sharp metal; are placed in an unsafe condition; and are a threat to safety and security. He maintains that KDOC and the State Defendants were aware of the unsafe conditions, but paid fines instead of removing them—essentially ignoring their duty to care and protect him. [*Id.* at 6, 21].

Plaintiff again details his attempts to obtain medical treatment from the Medical Defendants for his injuries. Plaintiff states that on September 18, 2020, he saw a group of surgeons outside the prison who informed him that "the delay in his arrival had allowed the bones to heal and set improperly and as such his remedies and medical aid had now been severely restricted; with many of his injuries permanently irreparable." [*Id.* at 14]. As for his options, Plaintiff represents that the doctors informed him that only two options were now available: (1) "either rebreak a poorly set bone at the extreme cost of more pain and suffering and the risk of the bone breaking improperly as healed bones are less willing towards manipulation" or (2) "the insertion into [Plaintiff's] head of plastic disc to attempt to place his eyeball back into the correct location; as close as possible." [*Id.* at 15].

Plaintiff further alleges:

> Patterns, practices, and informal policies are in place by the [KDOC], Wellpath, and Trident Care to deny inmates safety, security, and medical attention to offset staff shortages, increase[] prison populations, and reduce costs.

> Such patterns, practices, and informal policies include but are not limited to[] the denial of medical attention unless the inmates life is at risk, use of dilatory tactics to deny medical attention, and/or the installation of unsafe daybeds and lockers to increase inmate capacity.
> The Defendants in this suit are subjectively cognizant of there duties and responsibilities to [Plaintiff]; cognizant of the patterns and practices and informal policies, and chose to ignore their duty and honor and to be deliberately indifferent to Plaintiff's safety and security and his medical needs; doing nothing about the application of such to the Plaintiff.
> The Defendants in this suit participated in collusion, many times across company lines, to deprive the Plaintiff of his safety and security and his needed medical aid and attention.

[*Id.* at 2–3]. Additionally, Plaintiff contends that Defendants Schoenbachler, Fortwengler, Patterson, and the State Defendants engaged in "unconstitutional conduct and acquiesced in the unconstitutional conduct of their offending subordinates when they came aware of the Plaintiffs serious medical needs and ignored them;" "engaged in and supervised the use of dilatory tactics to deny his needs;" and "promulgated, ordered, and enforced informal policies to deny his medical needs, which all resulted in deliberate indifference to his serious medical needs." [*Id.* at 21]. Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments. As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "ensur[ing] . . . corrective surgery of his face." [*Id.* at 24].

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed to proceed Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs against the Medical Defendants in their individual and official capacities, Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs and to his safety to proceed against the State Defendants in their individual capacities, and against Defendants Robey and Crews in their official capacities for injunctive relief only. [DN 112].

The State Defendants now move to dismiss the claims against them arguing that the claims are time-barred and that Plaintiff failed to exhaust administrative remedies. [DN 132].

## II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-CV-00064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."); see also *Johnson v. Brady*, No. 4:19-CV-P29-JHM, 2019 WL 6311997, at *1 (W.D. Ky. Nov. 25,

2019); *Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *2 (W.D. Ky. Feb. 8, 2018). As another district court stated, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012). With the foregoing in mind, the Court will address the merits of the instant motion.

### III. DISCUSSION

#### A. Statute of Limitations

The State Defendants move to dismiss the claims against them arguing that they are barred by the statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). The statute of limitations begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022)[4] (quoting *Bishop v. Children's Ctr. for Developmental*

---

[4] The Sixth Circuit in *Snyder-Hill* confirmed that the discovery rule applies to claims brought under § 1983. The Sixth Circuit also characterized as *dicta* its "speculation" in *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) that a recent United States Supreme Court case might prompt reconsideration of the discovery rule in § 1983 cases.

*Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010)); *see also Robinson v. Butler Cnty., KY,* No. 21-5536, 2022 WL 19977828, at *2 (6th Cir. Dec. 16, 2022). "[T]he Court looks to what event should have alerted the typical lay person to protect his or her rights." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (internal citations omitted).

### *1. Deliberate Indifference to Safety of Plaintiff*

As discussed above, Plaintiff alleges that he was involved in an altercation with another inmate on May 25, 2020. During the fight, he states that he was struck down and fell face-first into a daybed locker. [DN 100-15 at 6]. Plaintiff alleges that the daybed lockers are hard, sharp metal; are placed in an unsafe condition; and are a threat to safety and security. Plaintiff claims that the State Defendants were aware of the unsafe conditions but they opted to pay fines instead of removing them—ignoring their duty of care and of protection. [*Id.*]. Here, Plaintiff knew that he hit his face on the daybed locker at the very latest on June 10, 2020,[5] and that event would have alerted him that he had a cause of action for his Eighth Amendment deliberate indifference to safety claims on that date.

The record reflects that in his original complaint filed on April 5, 2021, Plaintiff sued Defendant Jordan in his individual and official capacity alleging a claim under the Eighth Amendment for the deliberate indifference to his safety based on the presence of the daybed lockers. [DN 1]. It is undisputed that the original complaint is timely. While the Court originally

---

*Snyder-Hill*, 48 F.4th at 700; *see also McGhee-Twilley v. Corecivic of Tenn., LLC*, No. 3:23-CV-00077, 2024 WL 1313884, at *6 (M.D. Tenn. Mar. 27, 2024).

[5] While the assault took place on May 25, 2020, Plaintiff represents in his response that he was not aware that he hit a daybed locker until June 10, 2020, because of mental and physical trauma caused by the assault. [DN 137 at 8]. Crediting Plaintiff's statement, Plaintiff's cause of action for deliberate indifference to his safety accrued at the latest on June 10, 2020.

dismissed this claim for failure to state a claim in its initial review [DN 22], Plaintiff amended his complaint as a matter of right on August 18, 2021, asserting the same claim with additional details against Defendant Jordan. For the first time in the August 18, 2021, amended complaint, Plaintiff named Defendants Crews and Robey alleging that they failed to correct the LLCC grievance coordinator's mishandling of Plaintiff's medical grievances.

The State Defendants argue that the statute of limitations expired on this claim on May 25, 2021, and that because the State Defendants were "new" defendants to this action when Plaintiff filed his superseding amended complaint on July 13, 2023, the claims do not relate back for statute of limitations purposes.

### a. Defendant Jordan

If a motion to amend a complaint is filed after the expiration of the statute of limitations, Federal Rule of Civil Procedure 15(c)[6] allows an amended complaint to relate back to the original date of filing. "The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." *Shillman v. United States*, No. 99-3215, 221 F.3d 1336, 2000 WL 923761, at *5 (6th Cir. June 29, 2000).

---

[6] (c) Relation Back of Amendments.
  (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
Fed. R. Civ. P. 15.

Defendant Jordan's argument that the deliberate-indifference-to-safety-claim against him does not relate back to the original pleading is premised on the assumption that, for purposes of Rule 15(c), the original pleading includes *only* those claims which survived the Court's initial screening under § 1915A. Defendant Jordan cites no authority for this proposition, and, as a result, the Court rejects it. *See, e.g.*, *Stanton v. Joyner*, No. 3:19-CV-00270, 2021 WL 5178850, at *4 (M.D. Tenn. Nov. 8, 2021).

Because Defendant Jordan was originally named as a defendant and is not a "new" defendant as argued, the Court need only consider whether this deliberate-indifference-to-safety-claim in the amended and superseding amended complaints "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). It is apparent from the face of the complaints that this claim arose out of the same conduct or occurrence set out in the original *pro se* complaint—the assault on Plaintiff and the alleged exacerbation of his injuries from the daybed locker. *See Stanton*, 2021 WL 5178850, at *4 (citing *Thaxter v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:16-cv-02801, 2020 WL 3546818, at *14 (M.D. Tenn. June 30, 2020)); *see also Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 249 (6th Cir. 2000) (finding relation back when "the two sets of complaints concerned the same time period and the same injuries"). Therefore, Defendant Jordan's motion to dismiss this claim as barred by the statute of limitations is denied.

**b. Defendants Crews and Robey**

The Court must also consider whether Plaintiff's claims for deliberate indifference to his safety against Defendants Crews and Robey "relate back" under Rule 15, which is necessary because the applicable statute of limitations for this claim expired at the very latest on June 10,

2021. Relation back is only available when changing a party when there was "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). *See also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).

Here, Defendants Crews and Robey were clearly new parties because they were not sued in Plaintiff's original complaint. He first mentions Defendants Crews and Robey in his August 18, 2021, amended complaint. Plaintiff does not contend that there was some mistake regarding the identity of these two Defendants. In fact, Plaintiff concedes that he only brought the deliberate indifference to safety claim against Defendant Jordan in both the original complaint and amended complaint. [DN 137 at 6]. The Sixth Circuit has indicated that a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of [Rule 15(c)(1)(C)(ii)]." *Moore v. Hopkins Cnty., Ky.*, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting *Moore v. Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008)). "Stated differently, relation back is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired." *Moore*, 2017 WL 3097530, at *3 (quoting *Hiler v. Extendicare Health Network, Inc.*, No. 5:11-CV-192-REW, 2013 WL 756352, *3–4 (E.D. Ky. Feb. 26, 2013)); *see also Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 615–17 (6th Cir. 2014); *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434 (6th Cir. 2013); *Medley v. Shelby Cnty., Ky.*, No. 13-CV-35-GFVT, 2015 WL 2041780 (E.D. Ky. Apr. 30, 2015) (finding that the plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period); *Jadco*

*Enterprises, Inc. v. Fannon*, No. CIV.A. 6:12-225-DCR, 2013 WL 6055170, at *5 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) (finding that a plaintiff's lack of knowledge of the identities of the jail employees is not a reason to relate back after the statute of limitations has expired).

Consequently, "Rule 15(c) offers no remedy for this problem." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). The deliberate-indifference-to-safety-claims against Defendants Crews and Robey set forth in the superseding amended complaint cannot relate back to the original complaint for purposes of applying the statute of limitations to those claims. Plaintiff sued Defendants Crews and Robey for the first time in August of 2021, and he does not argue that his claims against them for deliberate indifference to his safety are equitably tolled pending exhaustion of his administrative remedies. Thus, the Court concludes that Plaintiff's claims against Defendants Crews and Robey for deliberate indifference to his safety are barred by the applicable statute of limitations and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2021)).

### *2. Deliberate Indifference to Medical Needs*

As discussed above, Plaintiff alleges that he was involved in an altercation with another inmate at LLCC on May 25, 2020. Plaintiff details in his complaint filed on April 5, 2021, and his amended complaint filed on August 18, 2021, his repeated attempts to obtain medical treatment

from the Medical Defendants for his injuries. He reports that he was finally seen by surgeons on September 18, 2020, who "informed him of the limited options available for treatment due to the extreme delay in his arrival at the hospital." The State Defendants recognize that Plaintiff initiated a grievance related to his denial of medical treatment on October 1, 2020 (Grievance No. 20-959).[7] [DN 132-1 at 7]. And that Plaintiff initiated another grievance (Grievance No. 20-1065) on November 9, 2020, when he learned that the October grievance had been dismissed. [*Id.*]. With those dates in mind, the State Defendants argue that the one-year statute of limitations expired on his deliberate-indifference-to-medical-needs claims on November 9, 2021, and that because the State Defendants were "new" defendants to this action when Plaintiff filed his superseding amended complaint on July 13, 2023, the claims do not relate back for statute of limitations purposes.

For purposes of this motion and using the date at which Plaintiff learned of the denial of his grievance, Plaintiff's Eighth Amendment deliberate-indifference-to-medical-needs claims accrued no later than November 9, 2020, and the statute of limitations expired on November 9, 2021, barring equitable tolling.

Once again, the State Defendant's assumption that the deliberate-indifference-to-medical-needs claims against them do not relate back to the timely original complaint [DN 1] and amended complaint [DN 17] is premised on the assumption that, for purposes of Federal Rule of Civil Procedure 15(c), the original and amended pleadings include *only* those claims which survived the Court's initial screening under § 1915A. As stated above, Defendants cite no authority for this

---

[7] Plaintiff contends that he could not file his October 1, 2020, grievance any earlier because upon his return from the surgeons he had been placed in quarantine and no grievance forms were available. [DN 137].

13

proposition, and, as a result, the Court rejects it. *See, e.g.*, *Stanton v. Joyner*, 2021 WL 5178850, at *4.

The record reflects that all three State Defendants were named as defendants prior to the expiration of the statute of limitations on Plaintiff's deliberate-indifference-to serious-medical-needs claims on November 9, 2021, and are not "new" defendants as argued. Accordingly, the Court need only consider whether the deliberate-indifference-to-medical-needs claims against them in Plaintiff's superseding amended complaint "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Rule 15(c)(1)(B) does not define "conduct, transaction, or occurrence," but "the Sixth Circuit has focused on factual allegations, rather than specific causes of action or legal theories, in applying this standard." *Thaxter*, 2020 WL 3546818, at *14; *see also Certeza v. Wexford Health Sources, Inc.*, No. CV TDC-18-1791, 2022 WL 2704057, at *8–9 (D. Md. July 11, 2022) ("The fact that the new claim asserts a different legal theory of liability does not prevent it from relating back."); *Penman v. Correct Care Sols.*, No. 5:18-CV-58-TBR, 2018 WL 6242132, at *3 (W.D. Ky. Nov. 28, 2018). A court's analysis of whether a new claim relates back "is guided by 'whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading.'" *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015) (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)(citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised

by the amplification of the allegations of the original complaint in the amended one.")).[8] "This standard is usually met 'if there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong." *Durand*, 806 F.3d at 375 (quoting *Miller*, 231 F.3d at 250).

In his original and amended complaint, Plaintiff asserted claims for deliberate indifference to his serious medical needs in violation of Eighth Amendment against Wellpath, Trident Care, and members of their staffs regarding their alleged refusal to treat his facial fractures and to give him pain medication and other medical care related to his fracture. [DN 1, DN 17]. Plaintiff detailed his repeated attempts to obtain medical care at LLCC. Plaintiff sued Defendant Jordan in his individual and official capacity alleging that he had a duty to protect Plaintiff and that the installation of the daybeds and daybed lockers on which Plaintiff hit his face violated such duties in violation of the Eighth Amendment. [DN 1, DN 17 at 4, 18]. In his amended complaint, Plaintiff also named Defendants Crews and Robey alleging they, along with Jordan, owed him a duty of care and a duty to act "when they are made aware of these events and actions in this complaint," and they neglected it. [DN 17 at 15, 17].

Additionally, in the amended complaint, Plaintiff alleged that Defendants Crews and Robey failed to correct the LLCC grievance coordinator's mishandling of Plaintiff's medical grievances and acquiesced to the grievance coordinator's actions in an effort "to not only deny [Plaintiff] medical treatment but also to stop Plaintiff from exhausting his administrative remedies"

---

[8] These cases recite the analysis as whether the defendants were placed on notice of a plaintiff's claims such that they should not be surprised by the new claims against them. These cases do not involve the application of § 1915A which requires the screening of complaints prior to service of process. In the present situation, the question is whether the complaint and amended complaint would place the State Defendants on notice that they could be called to answer for deliberate indifference to Plaintiff's medical needs. As screening is solely in control of the district court, any delay is not chargeable to the prisoner. *See Keller v. United States*, 444 F. App'x 909, 912 (7th Cir. 2011)

in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. [*Id.* at 17, 22]. Plaintiff further claimed that all Defendants, including the State Defendants, conspired to deprive him of his rights. [*Id.* at 18]. Plaintiff finally asserted that the State Defendants, along with other staff at LLCC, issued disciplinary actions and reports against Plaintiff to prevent him from grieving issues related to his medical care. [*Id.* at 24]. Plaintiff sought injunctive relief against the State Defendants for timely transport to medical facilities and for corrective surgery of his face. [*Id.*].

Significantly, from the start of this litigation, the gravamen of Plaintiff's complaint and amended complaint has been the allegedly deficient medical care he received at LLCC related to his facial fracture, which Plaintiff claims led to his permanent impairment, pain, and unfavorable prognosis. The new Eighth Amendment deliberate-indifference-to-medical-needs claims contained in the superseding amended complaint arise out of the same conduct and occurrence set out in the complaint and amended complaint—the claims concern the same time-period, same injury, and similar factual allegations. While not specifically suing the State Defendants for deliberate indifference to his medical needs, Plaintiff's allegations that the State Defendants were aware of his medical issues and grievances, failed to act, conspired with the Medical Defendant to deprive him of his rights, and requested injunctive relief from the State Defendants for transport to medical facilities and for corrective surgery would have provided the State Defendants enough notice of "the nature and scope" of Plaintiff's claims that they would not be surprised by the claims asserted in the superseding amended complaint.

Having satisfied the conditions set forth in Rule 15(c)(1)(B), the Court finds that Plaintiff's claims against the State Defendants for deliberate indifference to his medical needs in violation of

16

the Eighth Amendment are not barred by the statute of limitations. As such, the State Defendants' motion to dismiss these claims is denied.

### B. Failure to Exhaust Administrative Remedies

The State Defendants also move for dismissal arguing that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). "[I]inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. "[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204). Moreover, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence, the issue is normally best raised on a motion for summary judgment. *See, e.g.*, *Hollis v. Erdos*, 480 F. Supp. 3d 823, 830–31 (S.D. Ohio 2020); *Daugherty v. K.S.P. Med. Dep't*, No. 5:17-CV-P41, 2018 WL 1095820, at *3 (W.D. Ky. Feb. 27, 2018); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).

There is an exception to PLRA's exhaustion requirement when the administrative remedy process is rendered unavailable. *See Ross v. Blake*, 578 U.S. 632, 648 (2016); *Sango v. Fleury*, No. 21-2597, 2022 WL 2163519, at *2 (6th Cir. May 4, 2022). The Supreme Court has identified

> three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing";

17

> and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Lamb v. Kendrick*, 52 F.4th 286, 292–93 (6th Cir. 2022) (quoting *Ross*, 578 U.S. at 643–44).

Here, while the State Defendants rely on two grievances referenced by Plaintiff in the complaints and the KDOC Inmate Grievance Procedure, these alone do not resolve the exhaustion issue. In response to the motion to dismiss, Plaintiff states that he exhausted his administrative remedies as much as were available. Specifically, Plaintiff maintains that the KDOC policy is confusing, that the LLCC grievance coordinator and staff misinformed him and were deceitful, refused to provide him grievance forms when asked, refused to provide him grievance forms when he was in quarantine after medical visits, misrepresented to him the proper procedure for filing an appeal, and changed the policy for appealing a grievance in the middle of his grievance procedure. [DN 137 at 6]. In fact, even in Plaintiff's amended complaint [DN 17], he recited numerous alleged instances of the LLCC grievance coordinator and other staff "thwarting" Plaintiff's attempt to grieve at the very least his medical claims. As such, Defendants cannot establish that Plaintiff failed to exhaust his administrative remedies upon a Rule 12(b)(6) motion.

Because the State Defendants filed this motion in lieu of an answer, and, therefore, before any party had the opportunity to conduct discovery, the Court declines to convert Defendants' motion to dismiss to one for summary judgment under Rule 56. *See, e.g.*, *Ramos v. Wal-Mart Stores, Inc.*, No. 3:21-CV-00152, 2022 WL 2921133, at *4 (M.D. Tenn. July 25, 2022) (declining to convert a Rule 12(b)(6) motion that relied on matters outside of the pleading into one for summary judgment where the parties had not yet had an opportunity to conduct discovery).

Accordingly, the State Defendants' motion to dismiss the claims against them for failure to exhaust administrative remedies is denied.

## IV. CONCLUSION

For reasons set forth above, **IT IS ORDERED** as follows:

1. The State Defendants' motion to dismiss [DN 132] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Eighth Amendment deliberate-indifference-to-safety claims against Defendants Crews and Robey are **DISMISSED**. The motion to dismiss all other claims is **DENIED**.

3. The State Defendants' motion to rule on the motion to dismiss [DN 176] is **DENIED as moot**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 3, 2024

cc: Plaintiff, *pro se*
     Counsel of Record
4414.014