UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:21-CV-00217-JHM**

**JAMES RICHARD HUFFMAN IV**                                                                 **PLAINTIFF**

**v.**

**KATHERINE WILLIAMS,** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff James Richard Huffman IV filed this action pursuant to 42 U.S.C. § 1983. [DN 1]. At the Court's direction, Plaintiff filed a superseding amended complaint. [DN 100]. This matter is now before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Sarita Schoenbachler in her individual and official capacities [DN 198] and a motion by Plaintiff to dismiss Defendant Schoenbachler [DN 200].

**I.**

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex ("LLCC"). On April 5, 2021[1], he filed a 42 U.S.C. § 1983 civil-rights action [DN 1] asserting Eighth Amendment claims for deliberate indifferent to his serious medical needs. Plaintiff states that he was involved in an altercation with another inmate at LLCC on May 25, 2020. Plaintiff details in the complaint his attempts to obtain medical treatment from various defendants for his injuries. He reports that he was finally seen by surgeons on September 18, 2020, who "informed him of the limited options available for treatment due to the extreme delay in his arrival at the hospital."

---

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence. *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

On July 13, 2023[2], Plaintiff filed a superseding amended complaint [DN 100] pursuant to 42 U.S.C. § 1983 naming for the first time Defendants Dawn Patterson, Regional Manager at Wellpath, and Sarita Schoenbachler, Health Services Administrator at Wellpath.  Wellpath is the contracted medical provider for LLCC.  Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed to proceed Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs against Defendants Patterson and Schoenbachler in their individual and official capacities.  [DN 112].

On June 3, 2024, the Court dismissed the claims against Defendant Patterson as time-barred. [DN 194].  On June 7, 2024, Plaintiff mailed a motion to dismiss Defendant Schoenbachler as a party to the complaint based on the Court's June 3, 2024, Memorandum Opinion and Order dismissing Defendant Patterson.  [DN 200].  Plaintiff stated that he "believes this to be the right course of action to take since the Court's holdings in the memorandum opinion and order would apply to Defendant [Schoenbachler] as well as Defendant Patterson."  [*Id.* at 1].  By motion filed June 9, 2024, Defendant Schoenbachler moved to dismiss the claims against her as time-barred. [DN 198].

## II.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the

---

[2] This is the date that Plaintiff represents that he delivered the superseding amended complaint to the prisoner mail system for mailing.  [DN 100 at 6].

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

For the reasons set forth in the Court's June 3, 2024, Memorandum Opinion and Order, the Court finds that the individual-capacity claims against Defendant Schoenbachler are time-barred and must be dismissed for failure to state a claim and that the official-capacity claims against her should be dismissed as redundant to Plaintiff's continuing claims against Wellpath. [DN 194].

### IV.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant Schoenbachler's motion to dismiss [DN 198] is **GRANTED**.

2. Plaintiff's motion to dismiss Defendant Schoenbachler [DN 200] is **GRANTED**.

2. The Clerk of Court shall **TERMINATE** Defendant Schoenbachler from this action as all claims have been dismissed against her.

cc: Plaintiff, *pro se*
Counsel of Record
4414.014

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 27, 2024