UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JAMES RICHARD HUFFMAN IV**                                                                              **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:21-CV-P217-JHM**

**KATHERINE WILLIAMS** *et al.*                                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 civil-rights action initiated by James Richard Huffman IV. This matter is before the Court on the motion for summary judgment filed by Defendant William Betz, M.D. (DN 222). Plaintiff has filed a response (DN 237); Defendant has filed a reply (DN 239); and Plaintiff has filed a sur-reply (DN 245). This matter is ripe for adjudication. For the following reasons, Defendant Betz's motion for summary judgment will be granted.

**I**.

During all times relevant to this action, Plaintiff was incarcerated as a convicted prisoner at Luther Luckett Correctional Complex (LLCC). He sues Dr. Betz, a radiologist for TridentCare. Upon initial review of the superseding amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Betz in his official and individual capacities.

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings, and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

The following are the undisputed facts in this case. At the times relevant to this action, Plaintiff was incarcerated as a convicted prisoner at LLCC. At that time, Wellpath, Inc., was contracted to provide medical care to inmates at LLCC. Defendant Betz was an independent contractor of TridentCare, which contracted with Wellpath to provide radiology interpretation services for x-rays obtained within the medical facility at LLCC.

On May 26, 2020, Plaintiff was involved in a fight with another prisoner. Incident Report, DN 225-2, PageID #1575. During that fight, Plaintiff fell into a daybed locker which caused him to suffer "severe facial trauma." *Id*., PageID #1578. A Wellpath nurse requested that x-rays be taken of Plaintiff's face because she suspected a facial fracture. Dr. Betz's Report, DN 222-3, PageID #3777. The x-rays were taken at LLCC on May 29, 2020, and they were subsequently reviewed by Defendant Betz. *Id*. In his report, Defendant Betz made the following findings: "The orbits are grossly normal. The paranasal sinuses are grossly clear. There is no radiographic evidence of gross acute fractures. . . ." *Id*. He reached the following conclusion: "There is no radiographic evidence of acute disease in the facial bones. If there is a high clinical index of suspicion, then CT is recommended because it is a more accurate exam." *Id*. Following receipt of this report, a Wellpath nurse requested a CT scan of Plaintiff's facial bones. The CT scan was performed on July 10, 2020, at an outside hospital. Norton Healthcare Radiology Report, DN 237-4, PageID #4737. The radiologist who reviewed Plaintiff's scan found that Plaintiff had "multiple left-sided facial bone fractures," including a left orbital floor fracture, fractures of the left maxillary sinus, and left nasal bone fractures. *Id*. at 4738. When Plaintiff finally saw an outside surgeon on September 18, 2020, the surgeon informed him that "the delay in his arrival had allowed the bones

to heal and set improperly and as such his remedies and medical aid had now been severely restricted; with many of his injuries permanently irreparable." DN 100-15, PageID #1586.

**IV.**

The Eighth Amendment prohibits prison officials from showing deliberate indifference to a convicted prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim "has objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "The objective component requires the existence of a 'sufficiently serious' medical need." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component requires an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). For purposes of ruling upon the instant motion for summary judgment, the Court will assume that Plaintiff suffered from a sufficiently serious medical need. Thus, herein, the Court need only decide whether the undisputed evidence shows that Defendant Betz is entitled to judgment as a matter of law as to the subjective component.

Under the subjective component, "the plaintiff must show that [the] defendant acted with a mental state 'equivalent to criminal recklessness'" in response to the plaintiff's serious medical need. *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)). Such a "showing requires proof that [the] defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal quotation marks omitted)).

### A. Individual-Capacity Claim

In Defendant Betz's motion for summary judgment, he argues that there is no evidence which shows that he was deliberately indifferent to Plaintiff's serious medical need.

In his response, Plaintiff vehemently disagrees. He first points out that the x-ray report itself makes clear that Defendant Betz knew the reason for the x-ray was because a Wellpath nurse suspected that he had "fractured nasal bones." X-Rays and Dr. Betz's Report, DN 222-3, PageID #3777. Plaintiff argues that this language alone shows that Defendant Betz should have been aware of Plaintiff's serious medical need. Plaintiff also argues that it is evident that Defendant Betz lied on his report to save money for Wellpath and TridentCare. Finally, he presents his own affidavit and the affidavit of another inmate in which they both aver that even they, as laypersons, can easily look at Plaintiff's x-rays and see that he had fractured bones in his face. Pl. Aff., DN 237-11; Smith Aff., DN 237-10. Plaintiff also argues that, as a result of Defendant Betz's "false" report, several months passed before he was finally seen by a surgeon who told him that his delay in receiving care left him with minimal options for treatment.

In his reply, Defendant Betz argues that a layperson is not qualified to read an x-ray and that only an expert could testify that Defendant Betz's interpretations of Plaintiff's x-rays were incorrect in the first place. He also argues that Plaintiff has failed to present either direct or circumstantial evidence to show that he acted with a mental state 'equivalent to criminal recklessness.'" *Rhinehart*, 894 F.3d at 738 (quoting *Santiago*, 734 F.3d at 591).

In Plaintiff's sur-reply, Plaintiff reiterates that his claim is that Defendant Betz intentionally falsified his report and is *not* a claim for misdiagnosis, negligence, or malpractice.

For purposes of resolving this motion, the Court will assume that Defendant Betz's interpretation of Plaintiff's x-rays was incorrect. Thus, no expert testimony is needed to establish

this fact. The question, then, is whether the evidence shows that Defendant Betz subjectively perceived facts from the x-rays from which to infer substantial risk to the prisoner and that he did in fact draw the inference. *Id*. (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal quotation marks omitted)). There is no direct evidence which satisfies this standard.

Thus, the Court must consider whether there is circumstantial evidence that proves subjective recklessness:

> A jury is entitled to "conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. And if a risk is well-documented and circumstances suggest that the official has been exposed to information so that he must have known of the risk, the evidence is sufficient for a jury to find that the official had knowledge. *Id*. at 842-43.

*Rhinehart*, 894 F.3d at 738.

As set forth above, Plaintiff makes two arguments in this regard. He argues that that Defendant Betz had to know, based on the language on the report itself, that the x-rays were ordered to learn whether Plaintiff had facial fractures, and thus had to perceive a substantial risk to Plaintiff. The Court finds this argument unpersuasive because almost all x-rays are ordered to assess for broken bones or related conditions. Plaintiff also argues that Defendant Betz had to have realized that the x-rays showed facial fractures and lied about it in his report since the fractures in the x-ray are obvious to both Plaintiff and the prisoner who submitted an affidavit on Plaintiff's behalf. However, lay persons are generally not capable of reading x-rays or MRIs. *See*, *e.g.*, *Ashford v. Lochard*, No. 23-1785, 2024 U.S. App. LEXIS 6111 (7th Cir. Mar. 24, 2024); *Payne v. Great River Health Sys.*, 872 N.W.2d 409 (Iowa Ct. App. Oct. 28, 2015). Finally, there is absolutely no admissible evidence which supports Plaintiff's theory that Defendant Betz intentionally lied on his report to save money for Wellpath and/or TridentCare.[1] Indeed, the

---

[1] As an attachment to his sur-reply, Plaintiff presents the affidavit of another prisoner at LLCC who asserts that he had broken bones in his foot, but that his x-ray was also misread, and his x-ray report wrongly stated that he did not

evidence shows that Dr. Betz specifically stated in his report that a CT scan should be ordered for Plaintiff if "there is a high clinical index of suspicion . . . because it is a more accurate exam." (DN 222-3, PageID #3777). This statement is also evidence that if Defendant Betz did in fact perceive a substantial risk to Plaintiff, he did not disregard it, but recommended more accurate follow-up testing.

Moreover, "[mis]reading or misinterpreting an x-ray on one occasion without more does not rise to the level of deliberate indifference." *Atwater v. Kuber*, No. 19-CV-363, 2022 U.S. Dist. LEXIS 146045, at *9 (E.D. Wisc. Aug. 26, 2022); *see also Robinson v. Farmbrough*, No. 1:21-CV -00990-ADA-SAB (PC), 2023 U.S. Dist. LEXIS 130955, at *26 (E.D. Cal. July 28, 2023) (even assuming the defendant-doctor misread the plaintiff's x-ray on one occasion, "such misdiagnosis demonstrates, at best, evidence of negligence, not deliberate indifference"); *Martinez v. Toor*, No. 1:17- CV-00319-JLT (PC), 2018 U.S. Dist. LEXIS 41244, at *7-8 (E.D. Cal. Mar. 12, 2018) (misreading of the prisoner-plaintiff's x-ray "may equate to medical malpractice, but is not cognizable under § 1983"); *Johnson v. Corizon Medical Servs. Inc.*, No. 1:14-CV-49, 2015 U.S. Dist. LEXIS 49021, at * 4 (S.D. Ind., Apr. 14, 2015) (finding that misinterpreting an x-ray "on one occasion would amount merely to negligence, not deliberate indifference"); *Morris v. Rector*, No. 13-CV -1139, 2013 U.S. Dist. LEXIS 170056, at *10-11 (S.D. Ill., Dec. 3, 2013)

---

have any broken bones. DN 242-2. The prisoner's assertion that he had broken bones in his foot is not based on actual knowledge, but speculation, since the prisoner does not aver that he was subsequently diagnosed as having broken bones. *Id*. A party may submit affidavits in support of a motion for summary judgment. Fed. R. Civ. P. 56(c)(1). But such an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant ... is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Long v. Procter & Gamble Mfg. Co.*, No. 03-1097, 2005 U.S. Dist. LEXIS 49858, at *7 (W.D. Tenn. July 8, 2005) ("[S]peculative statements should not be included in affidavits ...."). Thus, because the potentially relevant portion of the affidavit is speculative, the Court will not consider it. *See HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1034 (6th Cir. 2003) (affirming district court's grant of summary judgment after *sua sponte* exclusion of evidence); *Werner v. Young*, 2023 U.S. App. LEXIS 2202, at *23 (6th Cir. Jan. 27, 2023) ("Sixth Circuit law permits district courts to 'exclude evidence *sua sponte*.'") (quoting *HDM Flugservice GmbH*, 332 F.3d at 1034).

(finding that a doctor misreading an x-ray "would only be negligence or malpractice, not rising to the level of deliberate indifference").

Thus, upon consideration of the undisputed evidence, the Court concludes that Defendant Betz is entitled to judgment as a matter of law on Plaintiff's Eighth Amendment claim against him. And although it appears that Plaintiff could have brought a state-law negligence claim against Defendant Betz, Plaintiff himself has reiterated that he did not assert a negligence claim against Defendant Betz in this action and no such claim was allowed to proceed.

### B. Official-Capacity Claim

The Court next addresses Plaintiff's official-capacity claim against Defendant Betz, which both parties seem to agree is actually against TridentCare, the company that contracted with Wellpath to provide radiology interpretation services for x-rays obtained within the medical facility at LLCC. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

In its motion for summary judgment, Defendant Betz argues that Plaintiff's official-capacity claim should be dismissed as "redundant" to his individual-capacity claim against Defendant Betz. In response, Plaintiff contends that this argument is meritless, and the Court agrees. Plaintiff's claim against TridentCare is distinct from his claim against Defendant Betz and must be analyzed separately. Because TridentCare does not suggest what standard the Court should use in analyzing Plaintiff's claim against it, the Court will apply the standard that is applicable to a private entity that has contracted to provide medical services to inmates.

8

The same analysis that applies to a § 1983 claim against a municipality or county applies to a § 1983 claim againsta private entity that has contracted to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). A county or municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and an alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). "An underlying constitutional violation is the *sine qua non* of municipal liability . . . ." *Puskas v. Delaware Cnty.*, 56 F.4th 1088, 1099 (6th Cir. 2023); *Thomas v. City of Columbus*, 854 F.3d 361, 367 (6th Cir. 2017) ("No constitutional violation means no municipal liability."); *see also North v. Cuyahoga Cnty.*, 754 F. App'x 380, 389 (6th Cir. 2018) ("There must be a constitutional violation for a § 1983 claim against a municipality to succeed—if the plaintiff has suffered no constitutional injury, his *Monell* claim fails.").

Here, Plaintiff asserts that he suffered constitutional harm by Defendant Betz because Defendant Betz was following an informal TridentCare policy to deny inmates medical treatment to save money. However, the Court above concluded that Defendant Betz was entitled to judgment as a matter of law on Plaintiff's constitutional claim against him, and Plaintiff has asserted no other constitutional injury to himself that could have been caused by the alleged TridentCare policy.

Thus, because Plaintiff has not established that he suffered a constitutional injury due to TridentCare's alleged policy, Defendant Betz is entitled to judgment as a matter of law on the official-capacity claim against him.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Defendant Betz's motion for summary judgment (DN 222) is **GRANTED**.

Date: September 2, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011

10